



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LI & FUNG (TRADING) LIMITED,           Civ. Action No.

                Plaintiff,

- against -                            **COMPLAINT**

CONTEMPORARY STREETWEAR,
LLC

                Defendant.
-------------------------------------------------------X

      Plaintiff, by and through its attorneys Sills Cummis & Gross P.C., as and for its complaint against defendant alleges as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff, Li & Fung (Trading) Limited ("Li & Fung") is a foreign company incorporated under the laws of Hong Kong with an address of 888 Cheung Sha Wan Road, Kowloon, Hong Kong.

    2.    Upon information and belief, Defendant, Contemporary Streetwear, LLC ("Contemporary Streetwear") is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 205 W 39th Street, 5th Floor, New York, New York 10018.

    3.    This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) based on diversity of citizenship.

    4.    The amount in controversy exceeds $75,000.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a).

## FACTS COMMON TO ALL CAUSES OF ACTION

6.  Contemporary Streetwear purchases and sells apparel to the general public.

7.  In or about 2009, Li & Fung and Contemporary Streetwear agreed that Li & Fung was to become Contemporary Streetwear's buying agent, and further agreed upon the terms of their relationship (the "Agreement").

8.  At all relevant times, Li & Fung has acted as Contemporary Streetwear's buying agent for the purchase of apparel to be manufactured on Contemporary Streetwear's behalf in countries around the world, including without limitation Hong Kong, Macau, Singapore, Taiwan, China, Sri Lanka, Malaysia, India, Nepal, Pakistan, Turkey, South Africa, Indonesia, Fiji, Philippines, Korea, Thailand, Myanmar, Cambodia, Bangladesh, Jamaica, Nicaragua, Honduras, El Salvador, Vietnam, Portugal and the Dominican Republic.

9.  Pursuant to the Agreement, Li & Fung has placed orders for apparel with vendors for and on behalf of Contemporary Streetwear and has then invoiced Contemporary Streetwear for the value of the apparel together with a commission equal to five percent of the vendors' F.O.B. prices for the ordered goods (the "Invoice Amount").

10. Under the Agreement, Contemporary Streetwear is then required to pay the Invoice Amount in full within sixty days of its receipt thereof.

11.     From October, 2010 through February, 2011, Li & Fung has submitted a series of invoices to Contemporary Streetwear for apparel that it ordered on Contemporary Streetwear's behalf and delivered to Contemporary Streetwear pursuant to the terms of the Agreement (the "Invoices").

12.     Contemporary Streetwear, however, has failed and refused to pay Li & Fung the Invoice Amount for the amounts due and owing under the Invoices, and has indicated no intent to pay the Invoice Amount for Invoices that are outstanding but have not yet become due.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Goods Sold and Delivered)

13.     Li & Fung repeats and realleges each and every allegation set forth above as if more fully set forth herein.

14.     On or about and between October 31, 2010 and February 16, 2011, at the special insistence and request of Contemporary Streetwear, Li & Fung ordered apparel for Contemporary Streetwear, and delivered the apparel to Contemporary Streetwear, at its sole cost and expense (the "Apparel").

15.     A schedule of the Apparel is incorporated herein by reference and annexed hereto as Exhibit A.

16.     Contemporary Streetwear accepted the Apparel for the agreed upon price and reasonable value of $1,672,998.96.

17.     No part of the sum has been paid, leaving a balance of $1,672,998.96 justly due and owing from Contemporary Streetwear to Li & Fung, together with interest, payment of which has been duly demanded but refused.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

18. Li & Fung repeats and realleges each and every allegation set forth above as if more fully set forth herein.

19. Li & Fung duly sent its statements to Contemporary Streetwear, which statements were retained by Contemporary Streetwear without objection.

20. As a result thereof, an account has been stated between Li & Fung and Contemporary Streetwear in the sum of at least $1,672,998.96, together with interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Oral Contract)

21. Li & Fung repeats and realleges each and every allegation set forth above as if more fully set forth herein.

22. Pursuant to the Agreement between Li & Fung and Contemporary Streetwear, from October, 2010 through February, 2011, Li & Fung has submitted Invoices to Contemporary Streetwear for the Apparel that it ordered on Contemporary Streetwear's behalf and delivered to Contemporary Streetwear at its sole cost and expense.

23. Contemporary Streetwear breached the Agreement by failing and refusing to pay Li & Fung for the amounts due under the Invoices.

24. As a result of Contemporary Streetwear's breach of the Agreement, Poof has been damaged in the amount of at least $1,672,998.96, together with interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Written Contract)

25. Li & Fung repeats and realleges each and every allegation set forth above as if more fully set forth herein.

26. In or about September of 2010, in order to induce Li & Fung to continue to serve as its primary buying agent in the Pacific Rim, Contemporary Streetwear entered into a contract with Li & Fung under which Contemporary Streetwear agreed to assume the obligations of its licensee, Icer Brands, also known as Cavi Juniors (hereinafter "Icer"), with respect to Icer's outstanding obligations to Li & Fung (the "Contract").

27. Pursuant to the Contract, Li & Fung agreed to release its claims against Icer, and Contemporary Streetwear agreed, in turn, to assume Icer's obligations to: (a) pay Li & Fung a sum of $48,000 for sample charges, and (b) take possession of Icer's inventory worth at least $94,307.50 (the "Inventory"), sell the Inventory and remit the net proceeds to Li & Fung.

28. Li & Fung has fulfilled its obligations under the Contract.

29. Contemporary Streetwear, however, has failed and refused to fulfill its obligations under the Contract, including *inter alia* its obligation to remit the net proceeds of any sale of the Inventory to Li & Fung.

30. As a result of Contemporary Streetwear's breach of the Contract, Poof has been damaged in the amount of at least $94,307.50, together with interest.

5

WHEREFORE, Li & Fung demands judgment against Contemporary Streetwear as follows:

    a.    on the First Cause of Action in the sum of at least $1,672,998.96 together with interest;

    b.    on the Second Cause of Action in the sum of at least $1,672,998.96 together with interest; and

    c.    on the Third Cause of Action in the sum of at least $1,672,998.96 together with interest; and

    d.    on the Fourth Cause of Action in the sum of at least $94,307.50 together with interest; and

    e.    all together with the costs and disbursements of this action and such other and further relief as is found just and proper.

Dated: New York, New York
       March 23, 2011

                          Respectfully submitted,
                          Attorneys for Plaintiff
                          Sills Cummis & Gross PC
                          One Rockefeller Plaza
                          New York, New York  10020
                          (212) 643-7000

                          By: _____
                             Michael B. Goldsmith
                             Jessica R. Brand

# EXHIBIT A

## EXHIBIT A

### Men's & Women's Apparel

|     | Date       | Invoice Number | Amount Due   | Description of Goods |
|-----|------------|----------------|--------------|----------------------|
| 1.  | 11/6/2010  | CE15/100255    | $964.56      | Apparel              |
| 2.  | 10/31/2010 | CE15/100256    | $151,641.91  | Apparel              |
| 3.  | 11/2/2010  | NE15/100380    | $31,668.00   | Apparel              |
| 4.  | 11/2/2010  | NE15/100382    | $7,764.50    | Apparel              |
| 5.  | 11/8/2010  | CE15/100258    | $23,942.75   | Apparel              |
| 6.  | 11/1/2010  | CE15/100254    | $23,876.30   | Apparel              |
| 7.  | 11/19/2010 | CE15/100265    | $174,690.55  | Apparel              |
| 8.  | 11/18/2010 | CE15/100266    | $64,284.42   | Apparel              |
| 9.  | 11/16/2010 | CE15/100268    | $16,977.60   | Apparel              |
| 10. | 11/20/2010 | CE15/100270    | $144,740.94  | Apparel              |
| 11. | 11/22/2010 | CE15/100273    | $100,763.56  | Apparel              |
| 12. | 11/26/2010 | CE15/100278    | $17,251.06   | Apparel              |
| 13. | 11/26/2010 | CE15/100279    | $3,308.60    | Apparel              |
| 14. | 11/25/2010 | CE15/100267    | $41,835.00   | Apparel              |
| 15. | 12/4/2010  | CE15/100282    | $138,235.30  | Apparel              |
| 16. | 12/10/2010 | CE15/100283    | $68,348.44   | Apparel              |
| 17. | 12/14/2010 | CE15/100291    | $121,278.10  | Apparel              |
| 18. | 1/12/2011  | CE15/110009    | $142,333.20  | Apparel              |
| 19. | 1/10/2011  | CE15/110010    | $34,951.50   | Apparel              |
| 20. | 1/21/2011  | CE15/110018    | $196,365.73  | Apparel              |
| 21. | 1/27/2011  | CE15/110020    | $109,993.79  | Apparel              |
| 22. | 2/16/2011  | CE15/110027    | $57,783.15   | Apparel              |

Total:     **$1,672,998.96**